**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**WILLIAM M. FARMER,**
      **Plaintiff**

**v.**                Civil Action No.
                   3:05CV33-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration**

## MEMORANDUM OPINION

   This matter is before the Court on plaintiff William Farmer's motion to remand the matter for consideration of additional evidence. After examining the tendered material and the arguments of the parties, the Court is of the opinion that remand is appropriate.

   A plaintiff seeking remand for consideration of additional evidence bears the burden of showing that remand is proper. Willis v. Secretary, 727 F.2d 551 (6th Cir. 1984). 42 U.S.C. Sec. 405(g) provides that a district court may remand for consideration of additional evidence only upon a showing of new evidence that is material "and that there is good cause for the failure to incorporate such evidence into the record" previously. New evidence must indeed be new; it cannot be cumulative of evidence already in the record. See Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir.1984), cited in Robertson v. Shalala, 91 F.3d 144 (6th Cir. July 8, 1996). New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988).

   Plaintiff has shown good cause for failure to earlier present the evidence, pointing to

financial impediments to obtaining the needed tests and opinions. In addition, it appears that the Appeals Council may have varied from its customary procedure in cases of requests to submit new evidence, and plaintiff's counsel relied to his detriment on that customary procedure.

In August of 2004, the Administrative Law Judge ("ALJ") found evidence of some degree of back problem. Significantly, however, the ALJ rejected as not credible Mr. Farmer's complaints concerning the extent of his problems. The tendered "new evidence," consisting of objective evidence regarding the extent of the problem, bears on this issue. In view of the centrality of the question of extent of the back problem and the related question of Mr. Farmer's credibility, the Court believes there is "a reasonable possibility that the [objective] evidence would have changed the outcome of the ALJ's decision." While the Commissioner contends that the evidence is merely cumulative, it appears that objective evidence is different in kind from subjective report and cannot be considered cumulative.

An order in conformity has this day entered.